# EXHIBIT B

Case 1:20-cv-00636-RLY-TAB   Document 1-2   Filed 02/26/20   Page 2 of 12 PageID #: 30

**49D04-2001-CT-003959**
Marion Superior Court, Civil Division 4

Filed: 1/28/2020 1:53 PM
Clerk
Marion County, Indiana

STATE OF INDIANA      )         MARION COUNTY SUPERIOR COURT
                      ) SS:
COUNTY OF MARION      )         CAUSE NO.

NATALIE ENGLEDOW,                      )
      Plaintiff                    )
v.                                     )
                                       )
TEKSYSTEMS GLOBAL SERVICES, LLC,       )
      Defendant                    )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Natalie Engledow (the "Plaintiff"), by counsel, and respectfully submits her Complaint for Damages against TEKsystems Global Services, LLC (the "Defendant"), and alleges and states the following:

### I. Parties, Jurisdiction and Venue

1. Plaintiff is an individual residing at 13832 Mill Stream Court, Carmel, Indiana 46032.

2. Defendant is a foreign corporation domiciled in the state of Maryland, authorized to do business in the state of Indiana, and which does so at its local office located at 9229 Delegates Row #350, Indianapolis, Indiana 46240.

3. All incidents and occurrences relating to this matter occurred in Indianapolis, Marion County, Indiana.

4. Plaintiff is an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ("Title VII").

5. Defendant is an "employer" within the meaning of Title VII.

6. Plaintiff has satisfied her obligations to exhaust her administrative remedies, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around August 8, 2019, a copy of which is attached hereto, made a part hereof, and incorporated herin as "Exhibit A." The EEOC issued a right to sue notice which was received by Plaintiff on or around October 30, 2019 ("Exhibit B"). Plaintiff now timely files this Complaint.

7. This court has jurisdiction over the claims asserted herein.

8. This court is the proper venue for this action as the events giving rise to this action arose in Marion County, Indiana, and the Defendants have offices and/or transact business in Marion County, Indiana.

## II. Statement of Facts

9. Defendant hired Plaintiff on or around September 15, 2015 as a Business Development Manager.

10. As a Business Development Manager, Defendant's job duties consisted principally of sales of the company's service offerings, the creation and execution of a strategy for growing revenues, and activities supplemental thereto.

11. Plaintiff evidenced consistent growth in her ability to perform the job duties. At the time of her termination, Plaintiff was meeting all sales goals and her work performance met Plaintiff's reasonable expectations.

12. Plaintiff was one of only two female BDMs on a team of approximately 25 persons reporting to Mr. Kyle Hunsucker.

13. On at least three occasions, including in August 2018, September 2018 and February 2019, Plaintiff complained to Mr. Hunsucker that Defendant had placed or hired

2

exceedingly few women into leadership roles. She further complained to Mr. Hunsucker that there she did not believe that there would be a leadership role for her in the organization due to the company's gender discrimination.

14. Prior to making her complaints, Plaintiff was approached by Mr. Hunsucker regarding the opportunity to expand her portfolio by working additional accounts. Following the making of these complaints, however, Plaintiff was denied opportunities for advancement within the business organization and was denied the opportunity to expand her portfolio of business. Several of these accounts were assigned instead male employees.

15. On or about February 18, 2019, Plaintiff was advised by Mr. Hunsucker that she was being removed from a major customer account due to a complaint filed by the customer and that Defendant was terminating her employment as they did not have other similar positions available.

16. The underlying complaint leading to Plaintiff's termination was accepted by Defendant without investigation into the truthfulness of the claims alleged.

17. Plaintiff was not provided timely notice of the complaint or provided an opportunity to respond.

18. At no time prior to the termination had Plaintiff received any disciplinary action from Defendant nor was Plaintiff provided a performance improvement plan.

19. Male employees of Defendant are routinely provided timely notice of such complaints, an opportunity to respond to such complaints, a thorough investigation of such complaints, progressive discipline, and imposition of a performance improvement plan prior to termination.

20. The representation made to Plaintiff by Defendant that there were not similar positions available was false. Similar positions were available at the time the Defendant opted to terminate her employment. Upon information and belief, these positions were filled by males.

21. A portion of Plaintiff's compensation were commissions earned on contracts sold to customers.

22. Plaintiff had sales of business generating commissions which ran through June 2019.

23. At the time of her termination, Defendant ceased the payment of commission on business running through June 2019.

### III. Legal Theories

#### Count I: Discrimination – Title VII

24. Plaintiff incorporates by references the assertions and allegations in paragraphs 1-23 as if fully stated herein.

25. Plaintiff alleges that Defendant has discriminated against her by treating her worse than its male employees with respect to the terms, conditions and benefits of her employment, including with respect to advancement opportunities and economic opportunities, including the expansion of her portfolio.

26. Plaintiff alleges that Defendant has discriminated against her by treating her worse than its male employees with respect to the terms and conditions of her employment by failing to investigate complaints made against her and with regards to the

4

institution of disciplinary action against, including the decision to terminate her employment.

27. Plaintiff complained about the discriminatory conduct but no action was taken by the Defendant to remedy, or even address, the Plaintiff's complaint.

28. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

29. Plaintiff has been injured as a result of Defendant's unlawful actions.

### Count II: Retaliation

30. Plaintiffs hereby incorporates by reference the assertions and allegations of paragraphs 1-29 as if fully restated herein.

31. Plaintiff engaged in protected activity by complaining about the discriminatory conduct to which she was subjected.

32. Defendant took adverse employment actions against Plaintiff because of her protected conduct.

33. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

34. Plaintiff has been injured as a result of Defendant's unlawful actions.

### Count III: Breach of Contract

35. Plaintiffs hereby incorporate by reference the assertions and allegations of paragraphs 1 - 34 as if fully restated herein.

36. Pursuant to the Employment Agreement with Defendant, Plaintiff was entitled to receive commissions on business conducted through the date of termination of her employment.

37. Following the termination of her employment, Defendant failed and refused to pay commissions which had arisen and which were properly payable to Plaintiff.

38. Defendant's refusal to make such payment constitutes a breach of the Employment Agreement entered into with Plaintiff.

39. Plaintiff has been injured by Defendant's unlawful actions.

### Count IV: Violation of Wage Claims Statute, IC §22-2-9-2

40. Plaintiffs hereby incorporate by reference the assertions and allegations of paragraphs 1-39 as if fully restated herein.

41. Defendant's refusal to make payment of commission owed to Plaintiff is a violation of IC §22-9-2-2.

42. Plaintiff has been injured by Defendant's wrongful actions in ceasing commission payment.

WHEREFORE the Plaintiff, by counsel, request the court find in her favor and order Defendant to:

1. Pay lost wages and benefits to Plaintiff;

2. Pay compensatory and punitive damages to Plaintiff;

3. Pay all commission properly due and payable to Plaintiff;

4. Pay such damages as are available under IC §22-2-9-2;

5. Pay pre- and post-judgment interest to Plaintiff;

6. Pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Provide to Plaintiff all other legal and equitable remedies this Court finds appropriate.

Respectfully Submitted,

Erik D. Bigelow (Atty. No. 22896-49)
P.O. Box 56024
Indianapolis, IN 46256
(317) 557-0987

Attorney for the Plaintiff

49D04-2001-CT-003959

Filed: 1/28/2020 1:53 PM
Clerk
Marion County, Indiana

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

Marion Superior Court, Civil Division 4

Indiana Civil Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Natalie Engledow | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TEKsystems Global Services, Inc. | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 9229 Delegates Row, Ste. 350 | Indianapolis, IN 46240 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest _____

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. Ms. Engledow was employed by TEK Global Services ("TEK") beginning on September 15, 2015.

2. At all times relevant hereto, Ms. Engledow held the position of Business Development Manager (or "BDM") working particularly with TEK's health services clients.

3. Ms. Engledow reported to Regional Director Kyle Hunsucker. She was one of only two female BDMs on a team of approximately 25 individuals. At the time of her termination, she was the only BDM on the team.

4. At all times, Ms. Engledow was an excellent employee. She had no record of having received any disciplinary action, was not subject to a performance improvement plan, and was not otherwise the subject of any form of discipline by the company.

Discrimination – Sex

5. On or about February 7, 2019, Ms. Engledow was notified by Mr. Hunsucker that she was the subject of a complaint from a customer who was upset that Ms. Engledow had shared "confidential" customer information with a competitor.

6. During this conversation, Mr. Hunsucker assured Ms. Engledow that he had a similar position to her current role in Chicago.

7. It was known by TEK, and in particular by Ms. Engledow's supervisors, that Ms. Engledow was not the source of the shared confidential information. Such information had been shared by Ben Flock, a male employee of TEK. Upon learning of the leaked information, TEK had removed Mr. Flock from the customer account, but did not terminate his employment.

Exh. A.

8. On or about February 18, 2019, Ms. Engledow was notified that the customer had requested her removal from the account. No effort was made by Mr. Hunsucker or other TEK management to correct the customer's wrongful assumptions towards, and accusations about, Ms. Engledow.

9. On or about February 21, 2019, Ms. Engledow was notified by Mr. Hunsucker that her employment was being terminated. Mr. Hunsucker indicated this was due to the lost account being the only one in Ms. Engledow's portfolio, and there being no other similar positions available.

10. To the best of Ms. Engledow's knowledge and belief, TEK had at least three (3) BDM positions available at the time that were consistent with Ms. Engledow's qualifications.

11. Mr. Hunsucker's explanation for the termination was inaccurate and disingenuous. Ms. Engledow has previously worked on another account, but had it removed and given to two male employees, with the reasoning that this was done so she could focus on the the current account due to its size and importance. In addition, discussion had been had regarding a third account, and adding this to Ms. Engledow's portfolio. Instead, that third account was given to a male employee TEK brought in from Chicago. The decision to have Ms. Engledow focus solely on a single account and to exclude other accounts from her portfolio were made by Mr. Hunsucker and TEK management. All decisions to provide accounts to persons other than Ms. Engledow went to the benefit of male employees.

12. On February 26, 2019, Ms. Engledow spoke with TEK human resources. It was indicated at that time that Ms. Engledow's termination was for "cause," but the Human Resources representative refused to provide details as to the "cause."

13. TEK's decision to terminate Ms. Engledow's employment was a discriminatory event.

Retaliation

14. On numerous occasions, Ms. Engledow had notified TEK of concerns regarding the lack of female leadership and the favoritism provided to male employees.

15. In or around September 2018, Ms. Engledow complained to Mr. Hunsucker that TEK had placed or hired few women to be placed into leadership roles.

16. She raised a similar concern to Mr. Hunscuker in October 2018 and had conversations that she did not feel as though there would be a leadership role for her in the organization due to the gender discrimination.

17. Ms. Engledow last made complaints about gender discrimination regarding promotion and hires of women into leadership roles on February 7, 2019. This complaint was made approximately two weeks prior to the decision by TEK to terminate her employment.

18. TEK's refusal to provide additional accounts to Ms. Engledow, its failure to correct the customer's mistaken belief and protect Ms. Engledow's employment, and its decisions not to offer her another BDM position and to terminate her employment were all in retaliation for Ms. Engledow's making complaints of gender discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8-8-19         [signature]<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

49D04-2001-CT-003959          Filed: 1/28/2020 1:53 PM
         Clerk
Marion Superior Court, Civil Division 4     Marion County, Indiana

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Natalie Engledow<br>4177 N Ems Blvd<br>Greenfield, IN 46140 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-03936 | Joseph V. Tedesco,<br>Investigator | (463) 999-1162 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

       cc:        **OCT 2 4 2019**

Enclosures(s)       Michelle Eisele,<br>District Director       *(Date Mailed)*

cc:
| Andrea Kambanis<br>Global Human Resources Manager<br>TEKSYSTEMS GLOBAL SERVICES, INC.<br>4387 Sturbridge Drive<br>Suite 200<br>Harrisburg, PA 17110 | Erik D. Bigelow<br>THE LAW OFFIDE OF ERIK D. BIGELOW<br>P.O. Box 56024<br>Indianapolis, IN 46256 |
|---|---|

Exh. B.

**INDIANAPOLIS DISTRICT OFFICE**
Equal Employment Opportunity Commission
101 West Ohio Street - Suite 1900
Indianapolis, Indiana 46204-4203

OFFICIAL BUSINESS

U.S. POSTAGE >> PITNEY BOWES
ZIP 46204 $ 000.50⁰
02 4W
0000361439 OCT. 28 2019